10215

STANDARD BOILER AND PLATE IRON CO. v. BROCK.

(99 S. E. 769.)

1. TRIAL—REQUESTED INSTRUCTIONS.—Refusal to give requested charge, covered by general charge given by Court, is not error.

2. SALES—DELIVERY TO CARRIER—DAMAGE IN TRANSIT.—Where goods are sold f. o. b. certain station, seller's delivery to carrier at such station constitutes delivery to buyer, and buyer is liable for full purchase price, regardless of damage to goods in transit.

**3. SALES—LATENT DEFECT—LIABILITY OF BUYER—INSPECTION BY AGENT.**
—Where buyer ordered tank to be exact duplicate of that furnished third party, and third party as buyer's agent inspected tank and pronounced it an exact duplicate, seller is not entitled to full contract price, where tank had latent defect, since it might have been a duplicate and yet defective; buyer being entitled to sound article fit for purposes for which it was bought.

Before PEURIFOY, J., Oconee, Spring term, 1918.   Affirmed.

Action by the Standard Boiler & Plate Iron Company against W. S. Brock.   Judgment for defendant, and plaintiff appeals.

Following is Court's charge and plaintiff's requested charges, referred to in opinion:

This is a suit by the Standard Boiler & Plate Iron Company against W. S. Brock, doing business under the style and firm name of W. S. Brock & Co.   The plaintiff alleges that it is a corporation under the laws of the State of Ohio, and that the defendant is doing business in the town of Seneca, in this county and State; that on or about the 8th day of April, 1915, the plaintiff sold him certain goods, to wit, one 10 by 30, two-compartment oil storage tank, and also one set of structural steel supporters for the tank, of the value of $530; that he paid $400 on it, but that there is now due the sum of $130, which he refuses to pay, and the plaintiff asks for judgment at your hands for the sum of $130. Now, the defendant, W. S. Brock & Co., answer that complaint and admit that they bought the tank, and they paid $400 on it, but they claim the tank was defective and imperfect by reason of leaks, and it was unfit and remains unfit for the purpose for which he bought it, and he claims that the price he paid for it was more than what the tank was worth. He claims that he is not indebted to the plaintiff in the sum of $130, and asks that you dismiss the complaint.   Now, the plaintiff replies to that answer and alleges that the tank was sold to defendant, W. S. Brock & Co., f. o. b. Niles, Ohio,

according to all particulars of the specifications of the defendant's order, and that if there are now any defects in the tank they are due to other causes than any failure on the part of the plaintiff to comply with its part of the order. So, then, Mr. Foreman and gentlemen, the issue is here left for you to decide. The burden is on the plaintiff to prove the allegations of the complaint by the greater weight of the evidence. Likewise, where the defendant puts up an affirmative defense, in this case where he pleads there has been failure of consideration, then the burden is on him, Brock & Co., to prove this defense by the greater weight of the evidence. Now, Mr. Foreman and gentlemen of the jury, a sound price guarantees a sound commodity in this State. Where you pay a sound price for a sound article you ought to get a sound article, and if you should find in this case that this price was a sound price for a sound article, and if you should find that when the tank was delivered to the railroad company at Niles, Ohio, it was defective and not what it was represented to be, and that it was not fit for the purposes for which it was bought, then the plaintiff ought to make it good, and the defendant would not have to pay more than a reasonable price for the article that he got if it was defective, as I stated, when it was delivered to the carrier, the railroad company, at Niles, Ohio.

I charge you further that if there is a latent defect—a defect that could not ordinarily be seen—the seller would be under obligations to make it good. I charge you further, Mr. Foreman and gentlemen, that if you should find that this tank was in good order, in good condition, when it was delivered to the railroad company at Niles, Ohio, and if you should find that it was damaged in transit by the railroad company, or in any way after it was delivered to the railroad company, that was a delivery to Mr. Brock, and if you should find that it was injured or damaged while in the possession of the railroad company, then you could not hold this company responsible for the injury. If it was damaged in the

possession of the railroad company, then Mr. Brock would have a suit or claim for any loss or damage that he suffered while it was in the hands of the railroad company, against the railroad company, and would have no right to deduct any amount from the purchase price if there was an injury while in the hands of the railroad company.    Likewise, I charge you that if you find that the tank was injured, and that the defect or injury arose while unloading or after being unloaded by Mr. Brock, his agents or servants in unloading it, why, of course, the law would hold Mr. Brock responsible for the full price he agreed to pay, and he would have no right to deduct any amount for any loss or damage that was caused, if there was any caused, by himself, or by his agents and servants, but he would be bound to pay the full amount he agreed to pay.

I further charge you, Mr. Foreman and gentlemen, that if Mr. Brock had an agent, and that agent inspected the tank, and if that agent accepted that tank after inspection, and Mr. Brock accepted it with the full knowledge of the condition that it was in, then he would be bound to pay the price he agreed to pay, unless there was a latent defect in the tank that could not have been seen by the use of ordinary care. In other words, if Mr. Brock had an agent inspect it, but if there were a latent defect in the tank that could not have been seen, still the company would be bound to make it good, if there was a latent defect and the tank did not come up to the representation made for it, for which it was purchased, and for which the sound price would guarantee.    So, then, Mr. Foreman and gentlemen, there isn't very much law in it. It is simply a question for you to determine what is right and just under the testimony and under the law.    Now, you have heard the testimony and I have given you the law.    I will repeat it : If you find that the tank was defective as alleged in the defense, in the answer by Mr. Brock, when it was delivered to the railroad company, when it left the hands of the plate iron company, if it was defective then, why, of course,

the plaintiff ought to make it good, any defect that was there, and he would not be bound to pay more than a reasonable price for the article that he received in its defective condition, if you find it was defective when delivered to the railroad; but if you find that it was delivered to the railroad in good condition, and that its injury, if it was injured, resulted after it left the company and was turned over to the railroad, or after it was received in the hands of Mr. Brock, or his servants or agents, the boiler and plate company, of course, would not be responsible for that, and Mr. Brock would have to pay the amount he agreed to pay. So, you have heard the testimony, and it is for you to determine whether it was in good condition, whether it was injured or defective, when delivered by it to the railroad company. You do simply justice under the testimony and law. You will write your verdict on the back of this paper entitled "Summons and Complaint," and if you find the plaintiff is entitled to recover, you will say, "We find for the plaintiff so many dollars," writing it out in words and not in figures, an amount not exceeding one hundred and thirty dollars. You can't find more than he asks for, and then sign your name as foreman. If you should find that the defendant has proven to you by the greater weight of the evidence that the plaintiff ought not to recover, under the law as I have charged you, then the form of your verdict would be: "We find for the defendant." Sign your name as foreman. Now, you may take these letters with you, and all the exhibits, into the room. Mr. Foreman and gentlemen, as soon as you have agreed on a verdict, seal it up in this envelope and put in your pocket.

At the conclusion of the charge, plaintiff's counsel requested in writing the following special charge:

(1) The testimony shows that this was an f. o. b. ship-ment, Niles, Ohio. So, as a matter of law, when the tank and supports were placed on board the common carrier at Niles, Ohio, it was equivalent to a delivery to the consignee, as the carrier was his agent.

(2) And if you find that there was not an express agency on the part of the Texas company in behalf of the defendant, W. S. Brock, then I charge you there may be an implied agency as binding in all respects. And if you find there was an implied agency here, and that the Texas company's authorized inspector inspected and accepted the tank as being in all respects "an exact duplicate of the Texas company's tank," and in all respects a compliance with defendant's order, than your verdict must be for the plaintiff.

*Messrs. S. M. Wolfe* and *E. L. Herndon,* for appellant, cite: *As to the law of agency express or implied:* 2d Corpus Juris, p. 4371 ; 2d Corpus Juris, paragraph 30, subd. B ; 2d Corpus Juris, subd. D, page 43, and cases cited; footnote 79, p. 436.

*Mr. R. T. Jaynes,* for respondent.

June 24, 1919.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

This was an action to recover a balance of $130, alleged to be due by defendant to plaintiff, on account for one two-compartment oil storage tank and steel structural supports, sold by the plaintiff to defendant for the sum of $530, and on which a payment was made of $400 prior to the commencement of the action. Defendant pleads a failure of consideration. The cause was tried before Judge Peurifoy and a jury at the March term of Court, 1918, for Oconee county, and resulted in a verdict in favor of the defendant. At the conclusion of the testimony, plaintiff's counsel moved for a directed verdict on behalf of plaintiff, which was refused. After entry of judgment, plaintiff appealed, and alleged error in refusing to direct verdict as moved for, and from the Court's refusal to charge plaintiff's request.

The exception cannot be sustained. The first request was covered by his Honor in his general charge. His Honor charged fully the law applicable to the case, and we think his charge was free from error. The plaintiff might have furnished an exact duplicate of those built by itself by the same company, and yet it might have been defective, and we see no error on the part of his Honor as complained of.

The exceptions are overruled, and judgment affirmed.